# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Todd Giffen, | Case No. 25-CV-0086 (DSD/DJF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Federal Medical Center Rochester, | |
| Respondent. | |

Petitioner Todd Giffen is civilly committed to the custody of the Attorney General under 18 U.S.C. § 4246 based on a "finding that he suffers from a mental illness as a result of which his release would create a substantial risk of bodily injury to another person." *United States v. Giffen*, 715 F. Supp. 3d 737, 739 (E.D.N.C. Feb. 5, 2024). Mr. Giffen is currently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). He believes the conditions of his confinement are unlawful. FMC-Rochester is too much like a prison, Mr. Giffen argues, and he is not a prisoner, but a civil detainee, who was committed for the purpose of treatment rather than punishment. Mr. Giffen has filed a petition for a writ of habeas corpus ("Petition") seeking immediate transfer to a less restrictive facility.

The Petition is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Having conducted this review, the Court concludes that this matter should be dismissed without prejudice for lack of jurisdiction.

---

[1] Mr. Giffen does not bring his Petition under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases nevertheless may be applied to the Petition. *See* Rule 1(b).

1

Mr. Giffen is quite clear that he is not using his Petition to attack the legality of his confinement, but instead to attack the conditions of his confinement. But the United States Court of Appeals for the Eighth Circuit has determined that claims related to the conditions of confinement cannot be raised through a habeas petition. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Mr. Giffen has not invoked the correct procedural vehicle for his claims and the Court lacks jurisdiction over his Petition as a result.

The Eighth Circuit has also directed that a habeas petition should not be dismissed merely because an unrepresented litigant has mislabeled the pleading. *See Spencer*, 774 F.3d at 471. But to construe Mr. Giffen's Petition as anything other than a habeas petition would do him no good, because it does not plausibly allege the conditions of his confinement at FMC-Rochester are, in fact, unlawful. The gist of Mr. Giffen's claims is that because he is a patient and not a prisoner, the conditions of his confinement should not be any more restrictive than those for patients at any ordinary hospital, and that any further limitation on his freedom amounts to a constitutional violation. This is simply not the law. Unlike an ordinary patient, Mr. Griffen is subject to civil commitment. Moreover, federal officials have legitimate medical and institutional interests in maintaining healthful and safe conditions at FMC-Rochester, "and—just as in the prison setting—those legitimate interests sometimes conflict with the rights that [patients] would otherwise possess if they were not lawfully detained." *See Janetta v. Minnesota Dep't of Human Services*, No. 19-CV-2622 (ECT/TNL), 2020 WL 3405430, at *5 (D. Minn. June 1, 2020) (citing *Ivey v. Mooney*, No. 05-2666 (JRT/FLN), 2008 WL 4527792, at *10 (D. Minn. Sept. 30, 2008)). Nowhere in the Petition does Mr. Giffen plausibly allege that the conditions imposed upon him exceed the boundaries of those permissible under the Constitution.

For these reasons, reinterpreting Mr. Giffen's Petition as a non-habeas civil complaint would accomplish little. The Court therefore recommends that this matter be dismissed without prejudice for lack of jurisdiction.

A few other matters require brief comment. First, Mr. Giffen neither paid the filing fee for this matter nor applied for *in forma pauperis* ("IFP") status. Instead, Mr. Giffen asks the Court to declare that statutory filing fee obligations are categorically unconstitutional. (*See* ECF No. 3.) This is a frivolous argument. *See, e.g.*, *Brewer v. Discover Financial Services*, No. CV-22-1075-PHX-DWL, 2022 WL 2316313, at *1 (D. Ariz. June 28, 2022) (collecting cases). As a general matter, "[t]here is no constitutional requirement that court fees always be waived if a litigant is indigent," *Lyon v. Krol*, 127 F.3d 763, 765 (8th Cir. 1997), and there is certainly no constitutional requirement that court fees be waived even if the litigant is *not* indigent. Because he has not filed an IFP application, Mr. Giffen has not established that he is indigent. Mr. Giffen's motion thus should be denied, and Mr. Giffen is cautioned that any future matters he might submit in this District that are unaccompanied by either the required filing fee or an application to proceed IFP will not be considered on the merits.

Second, Mr. Giffen requests that an attorney be appointed on his behalf in this matter. A district court may appoint counsel to represent a habeas petitioner when doing so would be in the interest of justice, *see* 18 U.S.C. § 3006A(a)(2)(B). But as explained above, Mr. Giffen's claims are not justiciable through habeas corpus. Appointment of counsel thus would do Mr. Giffen little practical good.B

Third, Mr. Giffen requests immediate transfer while this action is pending. Because the Court recommends that this action be dismissed without prejudice, the Court also recommends that this request be denied.

3

Finally, Mr. Giffen states that there may be more habeas petitions on the way, and that if he had more time and resources, he "would make his complete and whole habeas corpus, 100+ pages." (ECF No. 1.) There is reason to think this may not be idle talk: This is at least the eighth habeas corpus proceeding Mr. Giffen has initiated since 2022. *See Giffen v. United States*, No. 5:22-HC-2082-D (E.D.N.C. filed Apr. 29, 2022); *Giffen v. Biden*, No. 5:22-HC-2085-M (E.D.N.C. filed May 10, 2022); *Giffen v. Biden*, No. 3:23-CV-0095-AA (D. Or. filed Jan. 19, 2023); *Giffen v. Biden*, 5:23-HC-2013-BO-RJ (E.D.N.C. filed Jan. 20, 2023); *Giffen v. CIA*, No. 6:23-CV-0237-AR (D. Or. filed Feb. 16, 2023); *Giffen v. Warden FMC Rochester*, No. 5:23-HC-2132-M-RJ (E.D.N.C. filed June 20, 2023); *see Giffen v. Warden FMC Rochester*, No. 5:24-HC-2182-D-RJ (E.D.N.C. filed Oct. 7, 2024). The Court cautions Mr. Giffen that "there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)).

Mr. Giffen has now had several opportunities to challenge his ongoing detention through habeas corpus and has failed each time. Any claim that Mr. Giffen should be released because he is no longer a danger to others would have to be raised through a motion under 18 U.S.C. § 4247(h) in the district where the civil-commitment proceedings were conducted; not through a habeas petition filed in this District. *See Archuleta v. Hedrick*, 365 F.3d 644, 647-48 (8th Cir. 2004). Any claim attacking the conditions of Mr. Giffen's confinement could be raised only through a non-habeas civil complaint. It is therefore difficult to see what non-frivolous habeas claims could be available to Mr. Giffen—and still more difficult to understand why he could not have raised those claims in any of the other habeas proceedings he has already prosecuted. If Mr. Giffen is found in the future to have abused his access to this Court through the filing of frivolous, malicious,

4

duplicative, or vexatious habeas petitions, his ability to initiate new litigation in this District absent legal representation or prior approval by a judicial officer of this District may be restricted.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

2. Mr. Giffen's motion to waive or strike down filing fees as unconstitutional (ECF No. 3) be **DENIED**;

3. Mr. Giffen's motion to appoint counsel (ECF No. 4) be **DENIED**; and

4. Mr. Giffen's motion for immediate release (ECF No. 5) be **DENIED**.

Dated: January 10, 2025                    *s/ Dulce J. Foster*
                                           Dulce J. Foster
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).